IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAY BENNETT,

    Petitioner,

vs.

DEBORAH A. HICKEY, Warden,

    Respondent.

CIVIL ACTION NO.: CV208-019

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ray Bennett ("Bennett"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Bennett filed a Reply. Respondent filed a Response to Bennett's Reply, and Bennett filed a second Reply. For the reasons which follow, Bennett's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Bennett was convicted in the Middle District of Florida for conspiring to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and knowing possession with intent to distribute and causing to be possessed with intent to distribute a quantity of a Schedule II controlled substance (crack cocaine), in violation of 21 U.S.C. § 846. Bennett was sentenced to life imprisonment.

In the instant petition, Bennett asserts the Bureau of Prisons ("BOP") has classified him as a "lifer" and denied him overtime as an employee of UNICOR. Bennett contends he is being discriminated against and denied equal protection of the law based on the BOP's classification.

Respondent contends Bennett has not set forth a claim for habeas corpus relief, as his assertions pertain to prison conditions and do not challenge the legality or duration of his confinement. For this reason, Respondent avers this Court should decline to exercise jurisdiction over Bennett's claims.

Bennett states the writ of habeas corpus traditionally has been used to contest the legality of one's confinement. However, Bennett asserts, the use of the writ has been extended to include suits contesting the conditions of confinement. Bennett alleges that, if his allegations of discrimination and deprivation of equal protection demonstrate cruel and unusual punishment, the appropriate remedy would be to enjoin the BOP from continuing its alleged unconstitutional practices.

## DISCUSSION AND CITATION TO AUTHORITY

A writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute clearly refers to the legality of the prisoner's custody, not to conditions a prisoner may experience while incarcerated. Thus, "while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment," its availability as a means of contesting the conditions of confinement is a question that has expressly been left open by the Supreme Court. Gomez v. United States, 899 F.2d 1124, 1126-27 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 504, 93 S. Ct. 1827, 1843-44, 36 L. Ed. 2d 439 (1973), and Bell v. Wolfish, 441 U.S. 520, 527, n. 6, 99 S. Ct. 1861, 1868 n. 6, 60 L. Ed. 2d 447 (1979)). Claims in

which an inmate seeks relief challenging the fact of his conviction or duration of his sentence "fall within the 'core' of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (quoting Preiser, 411 U.S. at 489). In contrast, those constitutional claims challenging the conditions of confinement, "whether the inmate seeks monetary or injunctive relief, fall outside of that core" and should "be brought pursuant to" a civil rights action. See id. (citing Muhammed v. Close, 540 U.S. 749, 750 (2004)).

The Eleventh Circuit has recognized that in the absence of a ruling of the Supreme Court on this issue, the circuits are not in complete agreement as to whether certain constitutional violations may be presented by habeas corpus petitions:

> Some authorities do not permit such claims to be asserted in a habeas corpus action. Lee v. Winston, 717 F.2d 888, 893 (4th Cir. 1983) (claim to enjoin surgery is not cognizable as a petition for writ of habeas corpus); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (the writ of habeas corpus is limited to attacks on either the legality or the duration of confinement); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (medical treatment claim is not cognizable in a federal habeas proceeding); United States, ex. rel. Broadnax v. DeRobertis, 565 F. Supp. 327, 338 (N.D. Ill. 1983) (agreeing with the Ninth Circuit's Crawford decision and finding that claims concerning unconstitutional prison condition are not cognizable on a petition for writ of habeas corpus). But cf. Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (prisoners alleging substantial constitutional violations may seek writs of habeas corpus to challenge conditions of confinement).

Gomez, 899 F.2d at 1126. The Eleventh Circuit has found that an inmate's Eighth Amendment claims, even if proven, would entitle him only to a correction of the unconstitutional conditions, not a release from custody. Id. Thus, whatever the state of

the law on this issue may be in the Eighth Circuit or in any other jurisdiction[1], the law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions. Id. at 1127.

As Bennett acknowledges, his contentions are based on his claims that the conditions of his confinement are unconstitutional. (Doc. No. 7, p. 3). Thus, a favorable decision by this Court would not result in his release from custody. Even if certain conditions of Bennett's confinement have violated his constitutional rights, a habeas corpus action is not the proper remedy in this Circuit. Should Bennett wish to assert a civil rights claim based on alleged violations of the Eighth Amendment, he must assert those claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), not in a habeas corpus petition. Bennett is not entitled to habeas corpus relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Bennett's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 26th day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Bennett cites Alber and Coffin v. Reicnard, 143 F.2d 443 (6th Cir. 1944), in support of his assertion that this Court should entertain his conditions of confinement claims pursuant to a habeas corpus petition. However, in light of the Gomez decision, these cases offer no value as precedent for the Court.